## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:20CV464

| | |
|---|---|
| ACCORDIUS HEALTH LLC, THE CITADEL SALISBURY, LLC d/b/a The Citadel Salisbury, THE PORTOPICCOLO GROUP LLC, SIMCHA HYMAN, NAFTALI ZANZIPER and KIMBERLY MORROW,<br><br>     Plaintiffs,<br><br>  vs.<br><br>THOMAS DEL MARSHALL, by and through Attorney-in-Fact MELISSA STIREWALT, and ROBERT LEROY WHITLATCH, by and through Attorney-in-Fact LORETTA HAIR,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT TO COMPEL ARBITRATION AND STAY STATE COURT PROCEEDINGS

Defendants, Thomas del Marshall, by and through attorney-in-fact Melissa Stirewalt, and Robert Lee Whitlatch, by and through attorney-in-fact Loretta Hair, through their undersigned counsel, hereby respectfully respond to the Complaint to Compel Arbitration and Stay State Court Proceedings filed on May 26, 2020 (Doc. 1) by the Plaintiffs The Portopiccolo Group LLC, Simcha Hyman, Naftali Zanziper, Kimberly

1

Morrow, Accordius Health LLC and The Citadel Salisbury LLC d/b/a The Citadel Salisbury,[1] and say as follows:

## As to: "Parties, Jurisdiction and Venue."

1.      It is admitted that Plaintiff Accordius Health LLC is a limited liability company organized under the laws of the State of New York.  It is admitted on information and belief that the sole members of Accordius Health LLC are Simcha Hyman and Naftali Zanziper.  It is admitted on information and belief that Mr. Hyman and Mr. Zanziper are residents and citizens of New York.

2.      It is admitted that Plaintiff The Citadel Salisbury LLC d/b/a The Citadel at Salisbury and d/b/a The Citadel Salisbury is a limited liability company organized under the laws of the State of North Carolina.  It is admitted on information and belief that The Citadel Salisbury LLC's sole members are Simcha Hyman and Naftali Zanziper and that they are residents and citizens of New York.  It is admitted that based on those facts, for purposes of federal diversity jurisdiction, the Plaintiffs Accordius Health LLC and The Citadel Salisbury LLC are both citizens of New York.

3.      It is admitted on information and belief that Plaintiff The Portopiccolo Group LLC is a limited liability company organized under the laws of the State of New Jersey. It is admitted on information and belief that the sole members of The Portopiccolo Group

---

[1] The Plaintiffs in their caption give the d/b/a assumed name as "The Citadel Salisbury," but in the main body they word it as "The Citadel at Salisbury."  Doc. 1 ¶ 2.  Defendants' understanding is that both forms of assumed names have been used by the facility.

2

LLC are Simcha Hyman and Naftali Zanziper, both of whom are residents and citizens of New York.

4.      It is admitted on information and belief that Plaintiff Simcha Hyman is an individual who is a resident and citizen of New York.

5.      It is admitted on information and belief that Plaintiff Naftali Zanziper is an individual who is a resident and citizen of New York.

6.      It is admitted on information and belief that Plaintiff Kimberly Morrow is an individual who is a resident and citizen of Florida.

7.      Admitted.

8.      It is admitted that the parties are subject to personal jurisdiction in this Court. It is respectfully denied that the Court should find that it has jurisdiction over the subject matter of this action.  It is admitted that the amount in controversy likely exceeds $75,000.00 exclusive of interest and costs.

9.      It is admitted that this judicial district is a proper venue under 28 U.S.C. § 1391(b).

10.     It is admitted that the complaint seeks to enforce purported arbitration agreements with regard to Mr. Marshall and Mr. Whitlatch.  It is denied that the agreements are actually enforceable herein.  It is denied that the facility in question was operated by The Citadel Salisbury LLC at the time when Mr. Marshall and Mr. Whitlatch were admitted to it as residents.  Otherwise, denied.

3

11. Defendants deny that Mr. Marshall executed the documents with regard to which copies are attached to the complaint as Exhibits 1 and 11 and demand strict proof thereof. Defendants admit that Ms. Hair believes she signed the documents copies of which are attached to the complaint as Exhibits 2-3 and 5-10 but deny that an arbitration agreement was formed with the Plaintiffs or is enforceable by the Plaintiffs. It is admitted that Exhibit 4 to the complaint is a copy of a witnessed and notarized power of attorney form signed by Mr. Whitlatch. It is further denied that any Plaintiff herein was a signatory party to either of the arbitration agreements on which the complaint relies. Except as admitted herein, the allegations contained in paragraph 11 of the complaint are denied.

12. It is admitted only that the documents attached as Exhibits 1 and 2 to the complaint speak for themselves. It is specifically denied that the Plaintiffs are signatory parties to the purported arbitration agreements, that any agreement to arbitrate was formed between any of the Plaintiffs and Defendants herein, or that the purported agreements are otherwise enforceable in this matter. Otherwise, denied.

13. It is admitted only that the documents attached as Exhibits 1 and 2 to the complaint speak for themselves. It is specifically denied that the Plaintiffs are signatory parties to the purported arbitration agreements, that any agreement to arbitrate was formed between any of the Plaintiffs or Defendants herein, or that the purported agreements are otherwise enforceable in this matter. Otherwise, denied.

14. It is admitted only that the documents attached as Exhibits 1 and 2 to the complaint speak for themselves. It is specifically denied that the Plaintiffs are signatory

4

parties to the purported arbitration agreements, that any agreement to arbitrate was formed between any of the Plaintiffs or Defendants herein, or that the purported agreements are otherwise enforceable in this matter. Otherwise, denied.

15. Denied.

16. Denied.

17. It is admitted only that the documents attached as Exhibits 1 and 2 to the complaint speak for themselves. It is denied the purported agreements were revocable within 30 days of February 1, 2020 when one or more of the Plaintiffs purportedly took over operation of the facility. Otherwise, denied.

### As to: "The State Court Action"

18. It is admitted that on April 28, 2020, Defendants Melissa Stirewalt, as power of attorney holder for Mr. Marshall, and Loretta Hair, as same for Mr. Whitlatch, through their counsel, filed a complaint and first amended complaint in the General Court of Justice, Superior Court Division of Rowan County (No. 20-CVS-728) alleging *inter alia* that the state court defendants are violating the North Carolina Patients' Bill of Rights in regard to Mr. Marshall and Mr. Whitlatch, and that copies of the state court complaint and first amended complaint are attached to the federal court complaint herein as Exhibit 12 and 13. It is further admitted that the state court complaint requests injunctive, declaratory and/or equitable relief as stated therein, and that those pleadings speak for themselves. It is admitted that the amount in controversy likely exceeds $75,000. Except as admitted herein, the allegations contained in paragraph 18 of the complaint are denied.

5

## As to: "Count I"

19.     Defendants expressly incorporate by reference the denials and responsive averments set forth above, as if fully set forth herein.

20.     It is admitted that the provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., speak for themselves.  To the extent the allegations of paragraph 20 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 20 of the complaint are denied.

21.     It is admitted that the documents attached to the complaint as Exhibits 1 and 2 speak for themselves.  It is denied that the agreements at issue fulfill the requirements of the FAA, including but not limited to contract formation or contract enforceability herein. Otherwise, denied.

22.     Denied.

23.     It is admitted that the documents attached to the complaint as Exhibits 1 and 2 speak for themselves.  Otherwise, denied.

24.     It is admitted that the documents attached to the complaint as Exhibits 1 and 2 speak for themselves.  Otherwise, denied.

25.     It is admitted on information and belief that the Citadel Salisbury LLC and/or its affiliates use vendors from outside the State of North Carolina in order to provide care to residents, receive third-party payments from outside of the state, and are obligated to comply with federal regulations during operations. It is denied that the Plaintiffs are

6

entitled to seek to enforce the purported arbitration agreements herein or that they are parties to said agreements.  Otherwise, denied.

26.     It is admitted that the case authorities cited in this paragraph of the complaint speak for themselves.  To the extent the allegations of paragraph 26 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 26 of the complaint are denied.

27.     It is admitted that the case authorities cited in this paragraph of the complaint speak for themselves.  To the extent the allegations of paragraph 27 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 27 of the complaint are denied.

28.     It is admitted that the case authorities cited in this paragraph of the complaint speak for themselves. To the extent the allegations of paragraph 28 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 28 of the complaint are denied.

29.     It is admitted that the case authorities cited in this paragraph of the complaint speak for themselves.  To the extent the allegations of paragraph 29 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 29 of the complaint are denied.

30.     It is admitted that Ms. Hair believes that she signed the relevant documents. It is denied that Mr. Marshall signed the purported arbitration agreement and strict proof

7

thereof is demanded.  It is denied that any enforceable arbitration agreement was formed between any Defendant and any Plaintiff herein.  Otherwise, denied.

31.     It is admitted that Ms. Hair believes that she signed the relevant documents. It is denied that any enforceable arbitration agreement was formed between any Defendant and any Plaintiff herein.  It is admitted that the case authority cited in this paragraph of the complaint speak for themselves.  To the extent the allegations of paragraph 31 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 31 of the complaint are denied.

32.     It is admitted that Ms. Hair believes that she signed the relevant documents. It is denied that any enforceable arbitration agreement was formed as between any Defendant and any Plaintiff herein.  It is admitted that the case authority cited in this paragraph of the complaint speak for themselves.  To the extent the allegations of paragraph 32 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 32 of the complaint are denied.

33.     It is admitted that discovery in this matter is appropriate in the event that the Court does not find summary dismissal of the request for arbitration to be appropriate. Otherwise, denied.

34.     It is admitted that the documents attached to the complaint as Exhibits 1 and 2 speak for themselves.  It is admitted on information and belief that Plaintiffs began operating their nursing home operation on the premises at 710 Julian Road in Salisbury NC that were formerly occupied by a Genesis Healthcare operation, effective February 1, 2020.

8

It is denied that the purported agreements are binding on the parties to this litigation. It is specifically denied that The Citadel Salisbury LLC is a successor or assign entitled to enforce the purported arbitration agreements, or that any Plaintiffs herein are covered by the Agreements. Otherwise, denied.

35.     To the extent the allegations of paragraph 35 of the complaint purport to state legal conclusions, no response is required. Otherwise, denied.

### As to: "Count II"

36.     Defendants expressly incorporate by reference the denials and responsive averments set forth above, as if fully set forth herein.

37.     It is admitted that the case authorities cited in this paragraph of the complaint speak for themselves. To the extent the allegations of paragraph 37 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 37 of the complaint are denied.

38.     It is admitted that the case authorities cited in this paragraph of the complaint speak for themselves. To the extent the allegations of paragraph 38 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 38 of the complaint are denied.

39.     It is admitted that the case authorities cited in this paragraph of the complaint speak for themselves. To the extent the allegations of paragraph 39 of the complaint purport to state legal conclusions, no response is required. Except as admitted herein, the allegations contained in paragraph 39 of the complaint are denied.

9

## AFFIRMATIVE DEFENSES

1.      This Court lacks subject matter jurisdiction over this action pursuant to Fed. R. Civ. P. 12(b)(1).

2.      The Plaintiffs fail to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

3.      The complaint should be dismissed due to failure to join a necessary and indispensable party under Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

4.      The Plaintiffs are not parties to the arbitration agreements on which they purport to rely.  As such, pursuant to Fed. R. Civ. P. Rule 12(b)(1), Plaintiffs lack standing and this Court does not possess Article III subject matter jurisdiction.

5.      Plaintiffs' claims are barred under generally applicable state contract common law due to the lack of formation of an enforceable contract to arbitrate among the relevant parties.

6.      Plaintiffs' claims are barred by the doctrines and/or common law rules pertaining to novation, rescission, revocation and/or expiration of contract.

7.      Plaintiffs' claims are barred by the doctrine of estoppel.

8.      Plaintiffs' claims are barred by the doctrine of waiver.

9.      Plaintiffs' claims are barred because it would be unconscionable to allow enforcement under the specific facts and circumstances.

10.      This Court in its discretion may and should dismiss this action under the doctrines of comity, abstention, abatement, first-filed action, or prior pending action.

**PRAYER FOR RELIEF**

Wherefore, the Defendants respectfully pray the Court as follows:

A.  To order the complaint dismissed;

B.  To deny Plaintiffs' request to compel arbitration; and

C.  To order such other relief as the Court may deem just and proper.

This the 1st day of July, 2020.

> s/John Hughes
> Mona Lisa Wallace
> NC State Bar No. 009201
> John Hughes
> NC State Bar No. 22126
> Wallace & Graham, PA
> 525 N. Main Street
> Salisbury, North Carolina 28144
> Telephone: 704-633-5244
> Fax: 704-633-9434
> mwallace@wallacegraham.com
> jhughes@wallacegraham.com
>
> Stephen J. Gugenheim
> N.C. State Bar No. 29776
> Gugenheim Law Offices, P.C.
> 118 St. Mary's Street
> Raleigh, North Carolina 27605
> Telephone: 919-836-5551
> Fax: 919-836-5550
> steve@gugenheimlaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to all counsel of record in this case.

Dated: July 1, 2020

Respectfully submitted,

s/John Hughes
John Hughes, NC State Bar # 22126
Wallace & Graham, PA
525 N. Main Street
Salisbury, North Carolina 28144
Telephone: (704) 633-5244
Facsimile: (704) 633-9434
jhughes@wallacegraham.com
